UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JAMES MANCIL<br><br>      Plaintiff,<br><br>v.<br><br>JTEI ENTERPRISES, INC.,<br>DBA AMERICAN ELECTRIC<br><br>      Defendant. | Case No. 1:19-CV-00095 |

## DEFENDANT JTEI ENTERPRISES, INC. D/B/A AMERICAN ELECTRIC'S ANSWER TO PLAINTIFF'S COMPLAINT

NOW COMES Defendant, JTEI ENTERPRISES, INC. D/B/A AMERICAN ELECTRIC, ("American Electric") and files this Answer to Plaintiff's Complaint and Demand For Jury Trial. The following sections and numbered paragraphs correspond to the Original Complaint. To the extent that allegations in the Original Complaint are not expressly admitted, they are denied. Defendant also seeks affirmative relief.

### I. INTRODUCTION

1. Defendant admits Plaintiff is alleging claims under the Fair Labor Standards Act and Texas common law, but lacks sufficient knowledge or information to form a belief about the truth of Plaintiff's allegations in Paragraph 1.

### II. JURISDICTION

2. Admit.

3. Admit provided the Court has original federal question jurisdiction.

### III.  VENUE

4. Admit.

### IV.  THE PARTIES

5. Defendant lacks sufficient knowledge or information to form a belief about the truth of Plaintiff's allegations in Paragraph 5.

6. Admit.

7. Admit.

### V.  FACTS

8. Defendant admits that Plaintiff worked for Defendant as a "Forman" and was paid on an hourly basis at a rate of $23.00 per hour. Defendant denies the remaining allegations in Paragraph 8 and specifically denies that Plaintiff picked up or dropped off Defendant's employees "at Defendant's direction."

9. Defendant denies the allegations in Paragraph 9.

### VI.  FLSA COVERAGE

10. Paragraph 10 contains legal conclusions that Defendant need not admit or deny. Insofar as the paragraph contains allegations that must be admitted or denied, Defendant denies those allegations.

11. Paragraph 11 contains legal conclusions that Defendant need not admit or deny. Insofar as the paragraph contains allegations that must be admitted or denied, Defendant denies those allegations.

12. Paragraph 12 contains legal conclusions that Defendant need not admit or deny. Insofar as the paragraph contains allegations that must be admitted or denied, Defendant denies those allegations.

13. Paragraph 13 contains legal conclusions that Defendant need not admit or deny. Insofar as the paragraph contains allegations that must be admitted or denied, Defendant denies those allegations.

14. Paragraph 14 contains legal conclusions that Defendant need not admit or deny. Insofar as the paragraph contains allegations that must be admitted or denied, Defendant denies those allegations.

## VII.  FLSA VIOLATIONS

15. Paragraph 15 contains legal conclusions that Defendant need not admit or deny. Insofar as the paragraph contains allegations that must be admitted or denied, Defendant denies those allegations.

16. Defendant admits that Plaintiff was not paid on a salary basis.  Defendant denies the remaining allegations in Paragraph 16.

17. Paragraph 17 contains legal conclusions that Defendant need not admit or deny. Insofar as the paragraph contains allegations that must be admitted or denied, Defendant denies those allegations.

18. Paragraph 18 contains legal conclusions that Defendant need not admit or deny. Insofar as the paragraph contains allegations that must be admitted or denied, Defendant denies those allegations.

19. Paragraph 19 contains legal conclusions that Defendant need not admit or deny. Insofar as the paragraph contains allegations that must be admitted or denied, Defendant denies those allegations.

20. Defendant lacks sufficient knowledge or information to form a belief about the truth of Plaintiff's allegations in Paragraph 20.

21. Paragraph 21 contains legal conclusions that Defendant need not admit or deny. Insofar as the paragraph contains allegations that must be admitted or denied, Defendant denies those allegations.

22. Paragraph 22 contains legal conclusions that Defendant need not admit or deny. Insofar as the paragraph contains allegations that must be admitted or denied, Defendant denies those allegations.

### 23. VIII.  QUANTUM MERUIT (Texas Common Law)

23. No response is necessary.

24. Defendant admits that Plaintiff is bringing this action pursuant to the equitable theory of *quantum meruit*.  Insofar as the paragraph contains allegations that must be admitted or denied, Defendant denies those allegations.

25. Paragraph 25 contains legal conclusions that Defendant need not admit or deny. Insofar as the paragraph contains allegations that must be admitted or denied, Defendant denies those allegations.

26. Defendant admits that Plaintiff provided valuable services for Defendant in his duties as "Forman" but denies any further allegations of paragraph 26 and specifically denies that Plaintiff's picking up and dropping off Plaintiff's coworkers provided any valuable service to Defendant.

27. Defendant denies the allegations in Paragraph 27.

28. Defendant admits that he was aware Plaintiff expected to be compensated for the services he provided within his duties as "Forman" but denies there was ever any expectation for extracurricular activities such as picking up or dropping off Plaintiff's cowrokers.

29. Paragraph 29 contains legal conclusions that Defendant need not admit or deny. Insofar as the paragraph contains allegations that must be admitted or denied, Defendant denies those allegations.

## IX.  DEMAND FOR JURY TRIAL

30. No response is necessary.

### DEFENDANT'S AFFIRMATIVE DEFENSES AND COUNTERCLAIM

Defendant JP Electrical asserts the following affirmative defenses:

1. Mutual Mistake.

2. Payment. Defendant has paid Plaintiff for all amounts due for work performed. Plaintiff's allegation that he picked up and dropped off coworkers "at Defendant's direction" is false and any such activities were outside the course and scope of his employment.

3. Failure to satisfy condition precedent.

4. Waiver and Failure to Mitigate – Plaintiff alleges that he performed "extra" duties for over six years, yet never raised the issue of overtime for picking up and dropping off coworkers with Defendant. Plaintiff, by failing to ever raise the issue with Defendant never provided Defendant an opportunity to address any complaint, thus Plaintiff has waived any complaint and/or failed to mitigate his loss. Plaintiff's current claim for overtime arose only after his employment with Defendant terminated.

Defendant further requests that it be awarded its reasonable attorneys' fees and costs pursuant to Fed. R. Civ. P. 11 as Plaintiff has brought frivolous claims solely to harass Defendant.

## X.  PRAYER FOR RELIEF

a. Defendant denies that Plaintiff is entitled to any judgment or relief in this case.

b. Defendant prays that Plaintiff take nothing in this case.

c. Defendant prays this Court award Defendant its reasonable and necessary attorney's fees and costs against the Plaintiff for the reasons set forth in its affirmative defense.

d. Defendant prays for such other and further relief to which it may be justly entitled.

Dated:  April 1, 2019

THE FOWLER LAW FIRM, P.C.

*/s/ Troy D. Bolen*
Troy D. Bolen
Texas State Bar No.24006199
Michael J. Smith
Texas State Bar No.24037517
8310 N. Capital of Tex. Hwy., Suite 150
Austin, Texas 78731
Telephone: 512.441.1411
Facsimile: 512.469.2975
Email: tbolen@thefowlerlawfirm.com
         msmith@thefowlerlawfirm.com
*Attorneys for Defendant JTEI Enterprises, Inc.
d/b/a American Electric*

## **CERTIFICATE OF SERVICE**

I certify that, on April 1 , 2019, I electronically filed the foregoing with this Court using the CM/ECF system, which will send notification to all other parties in this case.

*/s/ Troy D. Bolen*
Troy D. Bolen